[In the matter of the petition of Henrietta A. Richardson and Josiah B. Richardson, bankrupts.]

N. Appleton, for petitioners.

BLATCHFORD, District Judge. The petioners reside in New Orleans. They have been adjudged bankrupts by the district court of the district court of the United States for the district of Louisiana. They now present a petition to this court, setting forth that one Withers has brought a suit against them in the supreme court of New York, in the nature of an action in debt, to recover $24,032.71 on two promissory notes made by the petitioners, payable to the said plaintiff or order; that the petitioners have appeared in said suit, and put in an answer denying any indebtedness to the plaintiff on the notes; and that the indebtedness, if any, is provable under the proceedings in bankruptcy. The petition prays for an injunction to be issued by this court, restraining all further proceedings in said action until the final adjudication of the district court in Louisiana, in the proceedings there pending.

Independently of the bankruptcy act of 1867, a district court of the United States can have no jurisdiction to grant the relief asked for by this petition. No such jurisdiction is conferred upon a district court by any statute of the United States, unless it is conferred by such bankruptcy act. The question to be determined, therefore, is whether, by that act, any power is conferred upon this court to grant the prayer of this petition.

The first section of the act is limited to the powers of the court in which the bankruptcy proceedings are pending—the court in which the proceedings in bankruptcy are commenced in the manner specified in the thirty-eighth section of the act.

The second section is also limited to the powers of the district court of the district where the proceedings in bankruptcy are pending, and to the powers of that court in regard to suits by and against the assignee in bankruptcy.

The twenty-first section, which is the one giving to district courts the power of granting injunctions to stay suits and proceedings to recover debts from bankrupts, cannot be construed as conferring such power upon any other district court than the "court in bankruptcy," which means the court where the bankrupt proceedings are pending.

No other section of the act confers upon this court the power invoked.

Whether the petitioners, as citizens of Louisiana, could not obtain relief by a proper form of suit in the circuit court for this district, under the general equity powers which that court exercises independently of the bankruptcy act, or whether, by reason of the inability of the district court of Louisiana to extend its remedial functions so as to make efficient the relief asked for here, and the want of power in this court to grant such relief, the petitioners and others in a like position are without practical remedy in the courts of the United States, unless there be further legislation by congress on the subject, are questions I am not here called upon to determine.

I ought, perhaps, to say, that if the proceedings in bankruptcy by the petitioners were pending in this court, the case is hardly one in which this court would interpose, under the twenty-first section, by injunction, to stay the suit in the state court, for the reason that the indebtedness is disputed. The suit would be allowed, under the twenty-first section, to proceed to judgment for the purpose of ascertaining the amount due.

## Case No. 11,775.

### In re RICHARDSON.

[7 Ben. 155.] [1]

District Court, S. D. New York. Feb., 1874.

BANKRUPTCY—EXPENSES OF CONTESTING CLAIM—PAYMENT OUT OF ESTATE.

Before the appointment of an assignee in bankruptcy, a reference to a register was had, on application of the bankrupt, to contest a claim of a creditor. The bankrupt was unable to pay any part of the expenses of such reference. *Held*, that they might be paid by the assignee out of the estate.

In this case the register certified that, before the election of assignee, the bankrupt [Clementina T. Richardson] objected to a proof of debt filed by one Sharpley, and made application to the court for a hearing on the claim, whereupon it was referred to the register to take proofs, which he took; that Sharpley had paid his share of the expenses of the reference, but the bankrupt had not paid any part of them, and had no means to pay them; and that the register had rendered a bill to the assignee, when appointed, for the bankrupt's share of the expenses, but the assignee doubted his right to pay it. The register certified the question whether the assignee would be justified in paying the bill, under the 28th section of the act [14 Stat. 530].

BLATCHFORD, District Judge. The question certified must be answered in the affirmative.

## Case No. 11,776.

### In re RICHARDSON et al.

[11 N. B. R. 114; [2] 7 Chi. Leg. News, 62.]

District Court, D. Missouri. Nov. 9, 1874.

BANKRUPTCY—EXEMPTIONS—PARTNERSHIP ASSETS.

R. & Co. were adjudged bankrupts. An assignee was duly appointed, who collected a large

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Reprinted from 11 N. B. R. 114, by permission.]